Matthias, J.
The primary question involved in this case is the validity of the contracts entered into by the board of waterworks trustees and the liability of the city of East Cleveland thereon.
The Frisbie Company at the time the agreement was made with such board was the owner of three tracts of land in the village, now city, of East Cleveland, which it had allotted in three subdivisions, plats of which had been approved by the *270 council of the village, for record only; but the acceptance of streets dedicated to the public use was deferred until some time later. The company, presumably pursuant to its written obligation to the purchasers of lots in these subdivisions “to cause lake water to be supplied in the street,” sought and secured the permission of the board of waterworks trustees • to lay water mains in and along certain designated streets in those allotments and connect the same with the waterworks system of the village, under the terms and conditions set forth in the foregoing statement of this case.
It is pleaded that these contracts are in full accord with the plan previously adopted and followed, whereby extensions of the waterworks lines of the village of East Cleveland had been made by these and other owners of land desiring to allot the same and lay out new streets therein; that pursuant to the terms of such contracts the municipality had refunded to said owners the cost of the laying of such extensions when the water rents along the lines so constructed equaled 10 per cent, of the cost of installation; and that such facts “were well known to the plaintiff herein and to the public generally, and had become the fixed and established custom and method of extending and operating the waterworks of the Village of East Cleveland.”
As is stated by the court in Thomas v. The Guarantee Title & Trust Co., 81 Ohio St., 432: “Usage or custom cannot create a contract or liability, where none otherwise exists. A usage or custom can only be used to explain, or aid in the interpretation of, a contract or liability existing *271 independently of it.” It would be quite contrary to the long-established and frequently-applied rule in this state to permit a public officer or agent, by the adoption of methods or a course of action forbidden by law, to validate the same by his unauthorized action, no matter how long continued.
The contention that the provisions of Section 2702, Revised Statutes, familiarly known as the Burns law, have application to the contract entered into by the trustees of waterworks is fully met by the decision of this court in the case of Kerr v. City of Bellefontaine, 59 Ohio St., 446. In that case the court had under consideration provisions relative to the powers and duties of trustees of gas works, quite similar to the statutes under consideration here conferring powers upon and prescribing the duties of waterworks trustees. The condition in the contracts under consideration here, that “when the rentals along said line shall equal annually, 10 per cent, of the cost of construction thereof, this board shall, if in funds applicable thereto, repay said The Frisbie Company,” etc., makes the following language used by the court in the case of Kerr v. Bellefontaine quite pertinent here: “Not only was this requirement of the statute designed to place a restriction upon the increase of municipal indebtedness but its terms are inapplicable to a contract of this character. The requirement is that the certificate must show that the money required for the contract is in the treasury to the credit of the fund and not appropriated for any other purpose. The fund from which the plaintiff is entitled to satisfaction of his *272 demand is not raised by taxation. It is derived from the operation of the gas works and made subject to the order of the board whose authority is so limited that they can make valid contracts only for appliances and supplies for the gas works to which the fund is devoted. The fund can be appropriated to no other purpose, and the trustees can contract for no other purpose.”
Nor do we regard Section 1693, Revised Statutes, providing that “No contract, agreement or obligation shall be entered into except by ordinance of council,” etc., as having application to the matters under consideration, for the reason that by Section 2415, Revised Statutes, the trustees of waterworks are specifically authorized to make contracts essential for the efficient management and construction of waterworks, and it is provided by Section 1693, Revised Statutes, that the section shall not be construed “to impair the power to contract wherever elsewhere given' in this title.” Sections 2415 and 1693, Revised Statutes, are in the same title.
The powers of the board of waterworks trustees of the Village of East Cleveland, at the time the contracts here sued upon were made, were conferred, and their duties prescribed, by the provisions of Sections 2407 and 2435, Revised Statutes of 1900, being Bates’ Third Edition. We must therefore look to those provisions for the authority possessed by the trustees, and from a consideration thereof ascertain whether it has been exceeded or any of the express restrictions thereof disregarded-
*273 Section 2415, Revised Statutes, conferring general authority upon trustees of waterworks to make contracts is as follows: “The trustees or board shall be authorized to make contracts for the building of machinery, waterworks, buildings, reservoirs, and the enlargement and repair thereof, and the manufacture and laying down of pipe, and the furnishing and supplying with connections all necessary fire hydrants for fire department purposes, and keeping the same in repair, and for all other necessary purposes to the full and efficient management and construction of water-works.” The power thus conferred is limited and restricted by the provisions of Section 2419, Revised Statutes. That section is as follows:
“The trustees or board, before entering into any contract for work to be done, the estimated cost of which exceeds five hundred dollars, shall cause at least two weeks’ notice to be given, in one or more daily newspapers of general circulation in the corporation, that proposals will be received by the trustees, for the performing of the work specified in such notice; and the trustees shall contract with the lowest bidder, if in their opinion he can be depended on to do the work with ability, promptness, and fidelity; and if such be not the case, the trustees may award the contract to the next lowest bidder, or decline to contract, and advertise again.”
It is well settled in this state that where the statute prescribes the mode by which the power therein conferred upon a municipal body shall be exercised, the mode specified is likewise the measure of the power granted, and that a contract made *274 otherwise than as expressly prescribed and limited by statute is not binding or obligatory as a contract. (City of Lancaster v. Miller, 58 Ohio St., 558.) Zottman v. San Francisco, 20 Cal., 96, 81 Am. Dec., 96, is a leading case upon this subject, the opinion being by Chief Justice Field.
Concededly the provisions of Section 2419, Revised Statutes, were not followed, and it is claimed that they have no application to the contracts in question in this case. Each of the contracts sued upon contemplates the expenditure of a sum of money far in excess of $500, and, therefore, should have been let by competitive bidding after advertisement, unless for some reason exempt from the provisions of Section 2419, Revised Statutes.
Provisions of similar import and effect have been construed by this court in several cases, and in every instance the court has held such provisions mandatory, that a compliance therewith was a condition precedent to the power to enter into a valid contract providing for the improvement,. that no implied liability arises against the municipality by the approval or acceptance of such improvement by its officers, and that the municipality is not estopped by the acts of its officers to rely upon the provisions of statutes relating to their powers in defense to actions upon contracts made in disregard thereof. City of Lancaster v. Miller, supra; McCloud & Geigle v. City of Columbus, 54 Ohio St., 439; Buchanan Bridge Co. v. Campbell et al., 60 Ohio St., 406; City of Wellston v. Morgan, 65 *275 Ohio St., 219, and McCormick v. City of Niles, 81 Ohio St., 246.
The decision in the case of City of Lancaster v. Miller, supra, is particularly in point, and is controlling as to the matter now under consideration. It was there held that a contract entered into by a municipal corporation, by which, in its own behalf, it was to pay for the construction of a sewer in one of its streets, the cost of which exceeds $500, imposed no valid obligation upon the corporation, unless it had advertised for bids according to the requirements of Section 2303, Revised Statutes.
The syllabus in the case of McCloud & Geigle v. City of Columbus, supra, is as follows: “Where a municipal corporation, acting under Chapter 4, division 7, of Title XII, Revised Statutes, improves a public street, the provisions of section 2303, prescribing the mode and time of advertising for bids, are mandatory, the compliance with which is a condition precedent to the power of the municipality to enter into a valid agreement in respect thereof.”
But it is urged that even these clearly mandatory provisions of the statute can have no application in the present case for the reason that the trustees did no work and purchased no material, all the work done and material furnished having been paid for by The Frisbie Company. This is begging the entire question. Under the provisions of the contract entered into The Frisbie Company was to pay the entire expense of the proposed improvement. That company did the work and furnished the material and now seeks to recover the cost and expense thereof under the terms of its contract. The *276 provisions of Section 2419, Revised Statutes, clearly apply to any contract for work to be done, the estimated cost of which exceeds $500, and the term “work,” as here used, is broad enough to include material necessary for the proposed improvement. As a matter of course the trustees did no work and' furnished no material. It is that for which they are required to contract, pursuant to the provisions of Section 2419, Revised Statutes, and for which they did contract with The Frisbie Company, but in a manner violative of the mandatory provisions of the statute. It is to be borne in mind that the arrangements under which these improvements were made were initiated by the application of The Frisbie Company, and apparently for its own material advantage and profit. The contention of the company, therefore, that the provisions of Section 2419, Revised Statutes, cannot apply because no one but plaintiff could do this work for the reason that at the time the contract was let the streets where pipes were to be laid had not yet been accepted by the municipality, merits no consideration. If that view were to be adopted a plain and palpable evasion of the statute would be accomplished.
These restrictive statutes enacted for the protection of the public have been and should be strictly construed, and the very evident purpose of their enactment accomplished. That object has been recognized and advanced by the courts whenever such legislation has been under consideration. The plaintiff in this case should have been admonished by the language of the court in City of Lancaster *277 v. Miller, supra, that “Persons who deal with municipal bodies for their own profit should be required at their peril to take notice of limitations upon the powers of those bodies which these statutes impose.”
Plaintiff also seeks to recover as damages the sum expended by it in the performance of its contracts with the city upon the claim set out in its fourth cause of action, which is in substance, that, without appropriating the property rights of the1 plaintiff in said waterworks, water pipes and easements, the city of East Cleveland is wrongfully applying the same to its own use, benefit and profit. In short, it charges the city with conversion of its property 'and seeks to recover its value.
The facts disclosed by the record show an utter absence of the elements essential to constitute conversion of the plaintiff’s property by the city. It is elementary that the mere breach of a contract, even though it results in the loss of specific property, does not constitute conversion, and it is also fundamental that if the owner expressly or • impliedly assents to or ratifies the taking, use or disposition of his property he cannot recover for the conversion thereof.
The plaintiff, apparently for the purpose of enabling it to render desirable for residence purposes its new addition to the municipality, and also to comply with its agreement with purchasers of ' lots therein to “cause lake water to be supplied in the street,” procured the privilege of laying mains in the streets of its addition and connecting the same with the waterworks system of the village, *278 one of the conditions thereof being that said mains should be under the control and supervision of the waterworks trustees. Said pipes also came under the supervision and control of the trustees by force of the provisions of Section 2418, Revised Statutes, which is as follows: “Attachments of whatever nature made to the waterpipes, or other fixtures belonging to the water-works, and intended for public use, shall be subject to the same supervision, rules, and regulations, as are made for the protection of water-works against abuse, destruction, and inordinate or unnecessary use or waste of water, or the trustees may make general or special rules and regulations for such purposes.”
At the time the contracts in question here were entered into the dedication of the streets to public use was in contemplation, and soon thereafter was consummated and accepted by the municipality.
The rule announced in Buchanan Bridge Co. v. Campbell, supra, applies and governs this case. Here, as there, and in other cases of like character, it is alleged that the conclusion reached results in a hardship to the plaintiff. It would be difficult to perceive, however, how any special benefit would be afforded the public by either constitutional or legislative limitations and restrictions upon the power of inferior public bodies and boards to contract, if, notwithstanding the violation of such provisions, there can still be a. recovery from the municipality. This plea of seeming hardship imposed by the rule adopted and applied in this state and elsewhere is well answered by the court in McCloud & Geigle v. City of Columbus, supra: “An *279 occasional hardship may accrue to one who negligently fails to ascertain the authority vested in public agencies with whom he deals. In such instances, the loss should be ascribed to its true cause, the want of vigilance on the part of the sufferer, and statutes designed to protect the public should not be annulled for his benefit.”
The judgment of the court of appeals reversing that of the common pleas is affirmed.

Judgment affirmed.

Wanamaker, Newman, Jones and Johnson, JJ-, concur.